**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN L. HILL,**

        **Petitioner,**

**-vs-**                   **Case No. 6:11-mc-104-Orl-28KRS**

**INTERNAL REVENUE SERVICE,**

        **Respondent.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **UNITED STATES' MOTION TO DISMISS PETITION TO QUASH** |
| **FILED:** | **October 21, 2011** |

Petitioner John L. Hill initiated this matter by filing a petition to quash an administrative summons that was issued to Bank of America by Respondent Internal Revenue Service (IRS). Doc. No. 1. Hill contends that 26 U.S.C. § 7602 requires the IRS to give notice to him of the summons. He submits that Bank of America is in error in its statement to him that it must comply with the summons, citing section 655.059(e), Fla. Stat. Finally, he contends that the United States can only obtain financial records pursuant to an administrative subpoena or summons for the purpose of a criminal investigation, citing 12 U.S.C. § 3402 and 26 U.S.C. § 7608(b).

The United States has responded by filing a motion to dismiss the petition for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The motion is supported by an affidavit of an IRS Revenue Officer. The United States submits that this Court does not have subject matter jurisdiction because the notice requirements of the Internal Revenue Code do not apply to summons in aid of collection of unpaid federal taxes. It argues, alternatively, that the petition fails to state a claim on which relief can be granted.

*Subject Matter Jurisdiction and Notice.*

The United States argues that this Court does not have subject matter jurisdiction to address Hill's motion to quash because it has not waived sovereign immunity as to summons in aid of collection of a tax liability. It relies on 26 U.S.C. § 7609 in support of this argument.

Section 7609(h)(1) reads in relevant part as follows: "The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)." Section 7609(b)(2) governs proceedings to quash a summons. It reads in relevant part as follows: "[A]ny person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons . . . ." Section 7609(c)(2)(D)(i) provides that the notice requirements of § 7609 do not apply to any summons "issued in aid of the collection of an assessment made or judgment rendered against the person with respect to whose liability the summons is issued[.]"

A Revenue Officer employed by the IRS avers that he has been assigned to collect Hill's assessed but unpaid income tax and civil penalty liabilities for the tax years 1999 through 2004. Doc. No. 7-1 ¶ 4. He further avers that the summons that is the subject of Hill's motion to quash was issued to assist in the collection of Hill's unpaid federal tax liabilities. *Id.* ¶ 6. The United States submits that

because the summons to Bank of America is a summons for which notice was not required, this Court does not have jurisdiction under § 7609(h) to consider the petition to quash the summons.

Hill contends that no assessment has been made or judgment rendered against him. Therefore, he argues, the summons to Bank of America is not issued in aid of collection of an assessment or judgment against him. In support of this argument, he relies on a letter from that IRS responding to a Freedom of Information Act (FOIA) request. Doc. No. 8-1. This letter does not state that no tax assessment has been issued against Hill. Rather, it simply addresses what records the IRS has that may be responsive to his FOIA request. Accordingly, Hill's argument that the summons to Bank of America was not in aid of collection of a tax assessment against him is not supported by the evidence.

Because the IRS was not required to give notice of the summons to Hill, this Court does not have subject matter jurisdiction under § 7609(h) to consider his motion to quash.

*Recommendation.*

For the reasons discussed above, I respectfully recommend that the Court **GRANT** the United States' Motion to Dismiss Petition to Quash Summons, Doc. No. 7, **DISMISS** the petition to quash, Doc. No. 1, and direct the Clerk of Court to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** in Orlando, Florida on December 16, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE